**836**   People ex rel. Slater Development Corp. *v.* Kleinert.

Supreme Court, May, 1923.   [Vol. 120

---

The People of the State of New York ex rel. The Slater Development Corporation, a Domestic Corporation, Plaintiff, *v.* Albert E. Kleinert, as Superintendent of the Bureau of Buildings of the Borough of Brooklyn, City of New York, Defendant.

Supreme Court, Kings Special Term, May, 1923.

**New York city — Building Code — when permit to build frame structure will be canceled.**

It is only when ninety per cent of the land in any block situated within the fire limits has buildings thereon that, under section 96 of the Building Code of the city of New York, frame buildings may be placed or erected on the remainder of the block.

Where the only buildings on such a block are two frame houses and part of a third house, a permit for the erection of three frame houses is in violation of section 90 of the Building Code of the city of New York, and will be canceled upon the ground it was erroneously issued.

Motion for peremptory mandamus order.

*A. I. Nova,* for plaintiff.

*George P. Nicholson,* corporation counsel (*Joseph P. Reilly,* of counsel), for defendant.

Lewis, J. The principal question involved is the interpretation of section 96 of the Building Code of the city of New York.

Section 90 provides that no frame, wood or other combustible structure shall be erected or built within certain fire limits, except as otherwise provided.

Exception is found in section 96, which provides: " Frame buildings permitted.— If any block situated within the fire limits has 90 per cent. of the buildings erected thereon constructed of frame, any vacant lot situated therein may have a frame building placed or constructed thereon, provided the same be not more than 2

stories and basement in height, and is to be used for residence purposes only."

In the petition it is stated "That the only buildings heretofore erected on the block whereon the petitioner's operations are in progress are three frame houses, now used for dwelling purposes, * * * and were erected prior to the application for and the issuance of said permits."

The answering affidavits state that on the block are only two frame dwelling houses and part of a third, the third house standing mostly upon the street lines of Miller place.

Relator contends that the three houses erected determine the character of the block and are ninety per cent of the buildings erected and that, therefore, he is permitted to build frame houses.

The purpose of the section was undoubtedly to minimize danger caused by fire. To adopt the construction placed upon it by relator would render the statute absurd and destroy its purpose. If three frame houses with no others on a square block constitute ninety per cent of the buildings erected thereon, it would likewise be true that one frame house on a block would be at least ninety per cent. It was intended by the act that when ninety per cent of the land had buildings thereon the remaining ten per cent of the land may have frame buildings placed or erected thereon.

The commissioner had the right to cancel the permit erroneously issued. The issuance was undoubtedly in violation of the Building Code, justifying the cancellation of the permits thus issued. *Altschul* v. *Ludwig*, 216 N. Y. 459; *Southern Leasing Co.* v. *Ludwig*, 217 id. 100.

Motion for peremptory mandamus order is denied.

Ordered accordingly.